# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Bedford Associates,** *et al.*, )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>)<br>)<br>**Willie Coleman, a.k.a Willie** )<br>**Coleman Ali El,** *et al.*, )<br>)<br>**Defendants.** ) | **CASE NO. 16 CV 3016**<br><br>**JUDGE PATRICIA A. GAUGHAN**<br><br>**Memorandum of Opinion and Order** |

Defendant Willie Coleman initiated this action *pro se* on December 16, 2016, by filing a "Second Notice of Removal to the United States District Court," seeking to remove the same state court action he already sought to remove in a prior case he initiated in this Court. *See Bedford Associates, et al. v. Willie Coleman, a.k.a. Willie Coleman Ali El*, *et al*., Case No. 16 CV 2471. This Court remanded the prior action to the Cuyahoga County Court of Common Pleas pursuant to 28 U.S.C. §1447 in a written order dated November 28, 2016, finding Mr. Coleman failed to demonstrate any valid basis for an exercise of federal subject-matter jurisdiction over the removed state court case. *See id*., Doc. Nos. 5, 6.

The plaintiffs have filed an "Emergency Motion to Strike [Mr. Coleman's] Second Removal or to Remand and . . . for Sanctions." (Doc. No. 3.)

Upon review, the plaintiffs' motion is granted to the extent it seeks remand. Mr. Coleman's Second Notice of Removal, like the notice of removal he filed in the prior action, is nonsensical and fails to demonstrate that any changes have occurred in the state court

proceeding that would provide a valid basis for an exercise of federal subject-matter jurisdiction. Further, remand orders based on Section 1447(c) are "not reviewable on appeal or otherwise." 28 U.S.C. §1447(d). Accordingly, the plaintiffs correctly argue in their motion that this second action initiated by Mr. Coleman purporting to remove the state court action must also be remanded in accordance with 28 U.S.C. §1447(c).

The plaintiffs also seek sanctions in their motion against Mr. Coleman pursuant to 28 U.S.C. §1447(c), which provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," as well as an order barring him from "any further attempts to remove" this case to federal court. (Doc. No. 3 at 7.) They argue there was "no basis for [Mr. Coleman's second] removal attempt except further gamesmanship and delay tactics." (*Id*. at 6.)

An award of costs and attorneys' fees under §1447(c) rests "squarely within the discretion of the district court," subject to the Supreme Court's guidance that absent unusual circumstances, an award should only be granted where "the removing party lacked an objectively reasonable basis for seeking removal." *Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 488 (6th Cir. 2013). The Court is mindful that every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the parties', and the Court's, valuable resources. Nonetheless, the Court is also mindful of Mr. Coleman's *pro se* status. After serious consideration, the Court determines that in lieu of sanctions at this time, the Court is hereby clearly warning Mr. Coleman that any further meritless attempt by him to remove the same state court action that this Court has now twice determined must be remanded, will result in monetary and non-monetary sanctions,

including restrictions on his ability to file documents in federal court.

## Conclusion

For the reasons set forth above, the plaintiffs' pending motion is granted to the extent it seeks an order remanding this action to state court.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/9/17